1TERRI F. LOVE, Judge.
Relators, Peter Territo, Edward Blanchard, J. Melton Garret and Albert Bossier Jr., are defendants in the tort action brought by Raleigh Landry and his wife Clailee, arising out of Mr. Landry’s alleged asbestos-related injury. Relators were co-employees of Mr. Landry while he was employed at Avondale between May 1965 and May 1967. Mr. Landry died of Meso-thelioma on November 21, 2002.
Defendant, Reilly-Benton Company, Inc., filed a Motion for Summary Judgment arguing that Comparative Fault was applicable to plaintiffs’ wrongful death claim. The Special Master, Honorable Gerald Fedoroff, submitted a report to the district court recommending the Reilly Benton’s Motion for Summary Judgment be granted. Relators and plaintiffs submitted objections to the Special Master’s report. After a contradictory hearing on the objection, the district court overruled the objection and adopted the Special Master’s recommendation. The relators’ filed the instant writ application asking this Court to reverse the judgment of the trial court. The plaintiffs in this mesothelioma litigation also sought review of the trial court’s granting the motion for Summary Judgment filed by defendant. The issue presented in plaintiffs’ writ application is identical to the issue in writ | g2003-C-1112. Accordingly, the relators in writ 2003-C-1112 filed a motion to consolidate the two writ applications. Considering that the issues and parties are identical in the aforementioned writ applications, the motion to consolidate the two writ applications was granted.
The Comparative Fault Act, La. Acts 1979, No. 431, § 4, eff. Aug. 1, 1980 provides in pertinent part: “The provisions of this act shall not apply to claims arising from events that occurred prior to the time this act becomes effective” (emphasis added). The Supreme Court, in Cole v. Celotex Corp., 599 So.2d 1058 (La.1992), interpreted the term “events” to mean the incidents of exposure. As found in Cole, the expression of legislative intent evidenced by § 4 as a whole indicates that Act 431 does not apply to long — term occupational disease cases where the events ultimately causing the death of the decedent occurred prior to Act 431’s effective date.
Defendant, Reilly-Benton, Inc., relies on Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262, to support the proposition that in a wrongful death action the “event” is the death. However, in the case of a wrongful death action arising upon death from a long-latency occupational disease, the “events” referred to in the expression of legislative intent in Act 431, § 4 can only mean the incidents of exposure. The Supreme Court’s decision in Walls is not applicable to the instant case because it involves La. R.S. 23:1032, the Louisiana Workers’ Compensation Act. La. R.S. 23:1032 does not contain the clear expression of legislative intent found in Act 431.
The overall thrust of the statement of legislative intent in Act 431, § 4, clearly demonstrates that the legislature did not intend that Act 431 adversely affect the rights of survivors in a case, such as the instant one, where the decedent dies as a direct result of pre-Act events, i.e., significant exposure to asbestos-containing products manufactured and/or distributed by the alleged tortfeasor.
|sThe trial court committed an error of law in finding that Comparative fault was applicable to plaintiffs’ wrongful death claim. Therefore, we reverse the ruling of *1085 the trial court and remand for further proceedings.[1]
Pursuant to this ruling, the stay order issued by this Court, on June 26, 2003, is vacated.
REVERSED AND REMANDED.

. Due to conflicting opinions, this Court considered the issue en banc, and a majority agreed that the Comparative Fault Act, La. C.C. art. 2323, enacted by Acts 1979, No. 431, Section 1, effective August 1, 1980, does not apply to the plaintiffs' wrongful death claim.